IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIDEORAY, LLC,                          :
                                        :
                                        :     CIVIL ACTION
                                        :
            v.                          :
                                        :
INTEGRATED SUPPORT                      :
      ASSOCIATES, INC.                  :     NO. 08-2042

MEMORANDUM AND ORDER

McLaughlin, J.                                October 6, 2008

        The plaintiff VideoRay, LLC ("VideoRay") is a
Pennsylvania based manufacturer of underwater submersibles.  The
defendant Integrated Support Associates, Inc. ("ISAI") is a
Delaware corporation with its principal place of business located
in Virginia.  ISAI provides government and commercial consulting
in telecommunications, technology and logistics.

        On August 27, 2007, ISAI submitted a purchase order to
VideoRay for products and services priced at $247,929.70.  ISAI
admits that it has not paid this principal amount to VideoRay,
though it has accepted delivery of the goods.  The Court will
grant VideoRay's summary judgment motion with respect to the
principal amount owed.

        The only issue in contention is ISAI's duty to pay
interest on the principal amount.  An invoice, dated October 23,
2007, was sent by VideoRay before delivery of the goods and
stated both the principal amount due and the rate of interest on

late payments.  That rate was listed as 1.5% per month.

ISAI argues that the interest rate was included on the invoice after the parties' contract was formed and plays no role in the contract.  ISAI points to section 2207 of the Pennsylvania Commercial Code as support for its position that the interest rate is merely a proposal for an addition to the otherwise binding contract.  13 Pa. Cons. Stat. § 2207.  ISAI argues that because the interest term was never explicitly accepted, the purchase order contains the entirety of the contract, and the interest term forms no part of that contract.

ISAI's position is incorrect.  The defendant bases its argument on an incomplete reading of the relevant statute. Section 2207 does state that additional terms in an acceptance or confirmation (such as the VideoRay invoice) are to be construed as proposals for additions to the contract.  However, it goes on to say that "between merchants" such terms become part of the contract unless: (1) the offer expressly limits acceptance to the terms of the offer; (2) [the new terms] materially alter it; or (3) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.  Id.

ISAI cannot dispute that it is a "merchant" for purposes of Pennsylvania's consumer laws. 13 Pa. Cons. Stat. § 2104.  A "merchant" is a person who (1) deals in goods of the

2

kind; or (2) otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.  Id.  ISAI admittedly had plans to resell the goods received from VideoRay to the United States Government.  ISAI therefore "deals in goods of the kind" involved in this contract dispute and qualifies as a "merchant" for purposes of Pennsylvania contract law.

        Neither the first nor the third exception to the inclusion of post-formation terms applies in this case as the offer did not expressly limit acceptance to its terms and ISAI does not contend to have objected to the inclusion of the term in the invoice until the filing of this suit.  This leaves the Court to determine whether the interest rate included in the invoice "materially alters" the contract.  The Court concludes that under Pennsylvania law such a term does not constitute a material alteration.  In a case involving another post-formation contract term, the Superior Court of Pennsylvania found that a 1.5% interest rate on late payments did not materially alter the contract.

        We have little difficulty in determining that the
        interest charge term is not one that materially alters
        the agreement. The trial court reached that conclusion,
        and comment 5 to § 2207 states, as an example of a term

3

that does not materially alter the contract, "a clause
providing for interest on overdue invoices . . . where
they are within the range of trade practice. . . ."
Furthermore, it is common in commercial circles,
including transactions with non-merchants, for balances
to be subjected to interest charges. As such, and since
no objection to the term was lodged, we find that the
trial court erred in not allowing appellant interest as
provided in the written confirmation. Under operation
of § 2207 the term must be considered as part of the
agreement.

Herzog Oil Field Serv. v. Otto Torpedo Co., 391 Pa. Super. 133,

138 (Pa. Super. 1990).

Because the Court finds that the interest rate became

part of the contract between these parties, the plaintiffs motion

for summary judgment will also be granted with respect to the

interest owed.

The Court must calculate the judgment to be paid to the

plaintiffs.  The principal amount owed is $247,929.70.  The

invoice due date was November 22, 2007.  At the rate of 1.5% per

month, over ten months (November 22, 2007, to September 22,

2008), ISAI's interest accrued to $37,189.45 (247,929.70

multiplied by 1.5 multiplied by 10).  Thus, as of September 22,

2008, $285,119.16 was the total amount owed on the contract.  If

the amount due is not paid by October 22, 2008, then $288,838.10

will be due on the contract.  Interest shall continue to accrue

under the terms of the contract at a rate of 1.5% per month until

the judgment is paid.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIDEORAY, LLC,                      :
                                    :
                                    :    CIVIL ACTION
                                    :
          v.                        :
                                    :
INTEGRATED SUPPORT                  :
     ASSOCIATES, INC.               :    NO. 08-2042


ORDER


          AND NOW, this 6th day of October, 2008, upon

consideration of the parties' briefs filed in support and in

opposition to the plaintiff's motion for summary judgment, IT IS

HEREBY ORDERED that the plaintiff's motion is GRANTED.  The

defendant is ordered to pay to the plaintiff $247,929.70 in

satisfaction of the principal amount owed on their contract.  The

defendant is further ordered to pay interest on the principal

amount at the rate of 1.5% per month accruing from November 22,

2007, the invoice due date.  Judgment is entered for the

plaintiff and the Clerk of Court shall close this case.


                              BY THE COURT:



                              /s/Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.